UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MARLOWE EVERETT PARKER, JR.**            **CIVIL ACTION**

**VERSUS**            **NUMBER: 23-780**

**LOUISIANA STATE, ET AL.**            **SECTION: "L"(5)**

### REPORT AND RECOMMENDATION

On March 1, 2023, Plaintiff filed this lawsuit under 42 U.S.C. § 1983 against the State of Louisiana, Sheriff Randy Smith, Lieutenant Jared Lunsford, and Nurse Jasmine Peters. (Rec. docs. 1, 3). This Court allowed Plaintiff to proceed *in forma pauperis* under 28 U.S.C. § 1915. (Rec. doc. 5).

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Taylor v. Tanner*, Civ. A. No. 12-1849, 2013 WL 5781707, at *2 (E.D. La. Oct. 23, 2013). A district court must *sua sponte* dismiss a prisoner's *in forma pauperis* Section 1983 complaint if the action is malicious or frivolous, fails to state a claim, or seeks monetary relief from a defendant who is immune. *Foreman v. Potter*, 382 F. App'x 370, 372 (5th Cir. 2010).

Under Section 1915, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an

arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether Plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

Plaintiff has named the State of Louisiana as one of the defendants in this lawsuit. However, the State of Louisiana is not a "person" subject to suit under Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Cronen v. Texas Dep't of Human Servs.*, 977 F.2d 934, 936 (5th Cir. 1992); *Williams v. Louisiana*, No. CV 23-734, 2023 WL 3731435, at *1 (E.D. La. May 9, 2023), *report and recommendation adopted*, No. CV 23-734, 2023 WL 3724175 (E.D. La. May 30, 2023); *Tyson v. Reed*, Civ. Action No. 09-7619, 2010 WL 360362, at *3 (E.D. La. Jan. 21, 2010). Further, even if the State were considered a proper defendant, which it is not, the State of Louisiana is immune from suit in federal court under the Eleventh Amendment. Unless a state has waived its immunity, the Eleventh Amendment bars the state's citizens from filing suit against the state in federal court for either monetary damages or injunctive relief.[1] *Cozzo v. Tangipahoa Par. Council-President Gov't*, 279 F.3d 273, 280 (5th Cir. 2002). Generally, the State of Louisiana has not waived its immunity or consented to the exercise of federal judicial power in civil actions against it. La. Rev. Stat. Ann. § 13:5106(A); *Cozzo*, 279 F.3d at 281; *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 147 (5th Cir. 1991). Because the State of Louisiana is immune from suit and

---

[1] Parker's complaint does not allege that he seeks the type of injunctive relief that might need be addressed by *Ex Parte Young*, 209 U.S. 123 (1908).

has not waived its immunity, Plaintiff's claims against the State of Louisiana must be dismissed. Accordingly,

**IT IS RECOMMENDED** that Plaintiff's claims under 42 U.S.C. § 1983 against Defendant Louisiana State be **DISMISSED WITH PREJUDICE** as legally frivolous and for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A.

**NOTICE OF RIGHT TO OBJECT**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 14th day of September, 2023.

                                                   **MICHAEL B. NORTH**
                                                   **UNITED STATES MAGISTRATE JUDGE**