UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PARKER | CIVIL ACTION |
| VERSUS | NO. 23-780 |
| LOUISIANA STATE, ET AL | SECTION "L" (5) |

### ORDER

Before the Court is Defendant Jasmine Peters's ("Peters") 12(b)(6) Motion to Dismiss. R. Doc. 13. Plaintiff Marlowe Everett Parker Jr. ("Parker") has not filed an opposition. In October, the parties were given the opportunity to consent to this matter being heard before a Magistrate Judge and on November 9, 2023, Magistrate Judge North issued an order notifying this Court that one of the parties did not give such consent and thereafter the matter was referred to this Court. After a review of the motion and applicable law, the Court now rules as follows.

I. BACKGROUND

Parker filed the instant suit alleging violations of his constitutional rights under § 1983 relating to an incident that occurred when he was an inmate in the St. Tammany Parish Jail. R. Doc. 3 at 6. Parker alleges that he was in a "nook" in the dormitory shower where he was masturbating in his "place of privacy" when Peters, a nurse, was conducting a routine pill call. *Id.* He claims that from her position in the hallway, Peters peered into the shower facility and caught Parker in the act and thereafter wrote him up for a sex offense rule violation. *Id.* at 6-7. Parker states that he told Peters he'd file a PREA claim against her and that she wrote him up in retaliation. *Id.* He alleges that he was found guilty of this rule violation by the "DB Court board at St. Tammany Parish" and then another Defendant, Lt. Jared Lunsford, pressed charges on him for

1

obscenity, which Parker considers double jeopardy. *Id.* at 7. He filed the instant lawsuit seeking to "penalize Nurse Jasmine Peters, Lieutenant Jared Lunsford, and the Sheriff Randy Smith to the max entirety," that "this be wiped from [his] records, and that [he] be compensated to the max entirety" for defamation and criticizing of his character, slandering his name, and for emotional distress. *Id.* at 5.

Defendants Sheriff Smith and Lt. Lunsford filed an answer asserting a number of affirmative defenses, including but not limited to (1) that they acted in a reasonable and proper manner and fully complied with the law, and (2) that Parker's allegations, even if true, do not "disclose the deprivation of a protected federal right." R. Doc. 12 at 1-2.

## II.     PRESENT MOTION

In lieu of an answer, Defendant Peters filed the instant 12(b)(6) Motion to Dismiss, arguing that Parker's claim fails to state a § 1983 claim against Peters. R. Doc. 13. Peters presents several arguments in support of her motion: (1) that Parker failed to identify a violated right that is protected by § 1983 because prisoners have no expectation of privacy in prison showers; (2) Parker's potential defamation claim under § 1983 against Peters fails because no false communication exists; and (3) Parker's § 1983 retaliation claim against Peters fails because he offers only conclusory allegations of retaliation without additional facts. R. Doc. 13-1 at 4-7. Peters also argues that Parker fails to identify a "custom, policy, or practice on behalf of Nurse Peters." *See id.* at 7-8. Parker has not filed an opposition to this motion though he has had ample time to do so.

## III.    APPLICABLE LAW

a. **Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is plausible on its face when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. Although a court must liberally construe the complaint in light most favorable to the plaintiff, accept the plaintiff's allegations as true, and draw all reasonable inferences in favor of the plaintiff, *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996), courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions*.*" *Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F.3d 228, 230 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

b. Section 1983

"Section 1983 provides a cause of action for persons who are subjected to the deprivation of any constitutional right by a person acting under the color of state or federal law." *Phillips ex rel. Phillips v. Monroe Cnty., Miss.*, 311 F.3d 369, 373 (5th Cir. 2002) (citing 42 U.S.C. § 1983). A court's first inquiry in a § 1983 action "is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" *Baker v. McCollan*, 443 U.S. 137, 140 (1979). Section 1983 does not itself confer rights; it "provides a method for vindicating federal rights conferred elsewhere." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999). A municipality is not held liable on a theory of respondeat superior for acts of its employees or agents, but liability

3

will arise "only when the execution of an official policy or custom of the municipality causes the constitutional injury." *Gros V. City of Grand Prairie*, 181 F.3d 613, 615 (5th Cir. 1999).

To support a claim under § 1983 for injury to reputation, the Fifth Circuit requires plaintiffs to show "a stigma *plus* an infringement of some other interest." *San Jacinto Savings & Loan v. Kacal*, 928 F.2d 697, 701 (5th Cir. 1991) (referencing *Paul v. Davis*, 424 U.S. 693 (1976)). The stigma element must be supported by proof "that the stigma was caused by a false communication" and the infringement portion is shown by establishing "that the state sought to remove or significantly alter a life, liberty, or property interest recognized and protected by state law or guaranteed by one of the provisions of the Bill of Rights." *Id.* at 701-02 (citing *Codd v. Velger*, 429 U.S. 624 (1977)).

To support a claim under § 1983 for retaliation, the inmate must allege "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999) (citing *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998)). More than a claimant's "personal belief that he is the victim of retaliation" is required and "[m]ere conclusory allegations of retaliation will not be enough to withstand a proper motion for dismissal of the claim." *Id.* "[M]ere threatening language and gestures of a custodial office[r] do not, even if true, amount to constitutional violations" in the Eighth Amendment context. *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983). To support a retaliation claim, the inmate "must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'" *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (quoting *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988)).

### IV.   DISCUSSION

The Court begins with the 12(b)(6) standard which only requires that the pleadings state facts that support a plausible claim for relief. As to Defendant Peters specifically, Parker's allegations appear to be § 1983 claims for defamation, retaliation and arguably a violation of his right to privacy, though this is not specifically pled.

The Court can easily dispense with the defamation question and will dismiss Parker's claim of defamation against Peters on the basis that he fails to satisfy the stigma element required in a § 1983 defamation claim. To show stigma, a plaintiff must show a false communication and, in this case, the communications that could be the basis of a defamation suit appears to be the violation of the rule and/or the charge for obscenity. Parker himself admits in his complaint that he was masturbating in the shower and therefore any rule violation or charge that relies on this fact is not a false communication.

Similarly, the Court finds that the complaint does not sufficiently allege facts that would support an inference of retaliation. Parker was written up for actions he admits he undertook and was accordingly written up for the offense. Absent a constitutional right, his § 1983 claim fails and here, he does not demonstrate that he suffered retaliation for exercising a constitutional right.

Last, the Court turns to privacy issue. Parker states in his complaint that Peters was "invading my privacy" and supports this argument by emphasizing that he was deliberately in the "nook" in the shower area which affords the most protection from prying eyes. The Court acknowledges that privacy rights in prison and jail facilities are curtailed and that some amount of surveillance is required for safety purposes, including in areas that are typically afforded higher expectations of privacy. See *State v. Smith*, 887 So. 2d 701, 703 (La. App. 3 Cir. 2004).

Accordingly, the Court finds Parker had no reasonable expectation of privacy under these circumstances.

For the foregoing reasons, the Court GRANTS Peters' Motion to Dismiss.

New Orleans, Louisiana, this 15th day of December, 2023.

_____
United States District Judge