UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PARKER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-780** |
| **LOUISIANA STATE, ET AL** | **SECTION "L" (5)** |

### ORDER& REASONS

Before the Court is Defendants St. Tammany Parish Sheriff Randy Smith's ("Smith") and Lieutenant Jared Lunsford's ("Lunsford") (collectively "Defendants") 12(b)(6) Motion to Dismiss. R. Doc. 31. Plaintiff Marlowe Everett Parker Jr. ("Parker") has not filed an opposition. After a review of the motion and applicable law, the Court now rules as follows.

I. BACKGROUND

Parker filed the instant suit alleging violations of his constitutional rights under § 1983 relating to an incident that occurred when he was an inmate in the St. Tammany Parish Jail. R. Doc. 3 at 6. Parker alleges that he was in a "nook" in the dormitory shower where he was masturbating in his "place of privacy" when Defendant Jasmine Peters ("Peters"), a nurse, was conducting a routine pill call. *Id.* He claims that from her position in the hallway, Peters peered into the shower facility and caught Parker in the act and thereafter wrote him up for a sex offense rule violation. *Id.* at 6-7. Parker states that he told Peters he'd file a PREA claim against her and that she wrote him up in retaliation. *Id.* He alleges that he was found guilty of this rule violation by the "DB Court board at St. Tammany Parish" and then Defendant Lunsford pressed charges on him for obscenity, which Parker considers double jeopardy. *Id.* at 7. He filed the instant lawsuit seeking to "penalize Nurse Jasmine Peters, Lieutenant Jared Lunsford, and the Sheriff Randy

1

Smith to the max entirety," that "this be wiped from [his] records, and that [he] be compensated to the max entirety" for defamation and criticizing of his character, slandering his name, and for emotional distress. *Id.* at 5.

Defendants Smith and Lunsford filed an answer asserting fourteen affirmative defenses, including but not limited to (1) that they acted in a reasonable and proper manner and fully complied with the law, and (2) that Parker's allegations, even if true, do not "disclose the deprivation of a protected federal right." R. Doc. 12 at 1-2. The answer does not state failure to state a claim as an affirmative defense. *See id.* at 1-5.

Defendant Peters responded by filing a 12(b)(6) motion to dismiss alleging that Parker failed to state a claim upon which relief can be granted and on December 15, 2024, this Court granted that motion. R. Docs. 13, 24. On April 23, 2024, Defendants Smith and Lunsford then filed the instant motion to dismiss pursuant to Rule 12(b)(6). R. Doc. 31.

## II.  PRESENT MOTION

Defendants filed the instant 12(b)(6) Motion to Dismiss, arguing that Parker's complaint fails to state a § 1983 or defamation claim against them. R. Doc. 31-1 at 4-7. They argue that Parker does not satisfy the deliberate indifference standard for a 1983 claim and that he fails to identify a single defamatory statement by either Smith or Lunsford. *Id.* Defendants then note that, although Parker's complaint does not clearly state a claim for malicious prosecution or unlawful arrest, they address these potential claims out of an abundance of caution. *Id.* at 7-9. They argue that Lunsford had probable cause to arrest Parker for the obscenity charge pursuant to a warrant, and therefore any malicious prosecution claim must fail. *Id.* at 7-8. They then note that any

2

potential unlawful arrest claim fails because there was no violation of a constitutional right in this instance because, again, he was arrested or the obscenity charge with probable cause. *Id.* at 8-9.

Defendants also allege that Parker's claims are barred by *Heck v. Humphrey*, noting that after the obscenity charge, Parker was found guilty and sentenced accordingly. *Id.* at 10-11. Because Heck instructs courts to dismiss a civil suit that would cast doubt on a criminal conviction, Defendants urge this Court to dismiss Parker's claims against them. *Id.*

### III.    APPLICABLE LAW

#### a.  Rule 12(b)(6)

The Federal Rules of Civil Procedure permit a defendant to seek dismissal of a claim based on "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The court's inquiry should focus on the complaint as a whole, regardless of how much of it is discussed in the motion to dismiss. Dismissal is improper if the allegations support relief on any possible theory." *United States ex rel. Bias v. Tangipahoa Parish School Board*, 816 F.3d 315, 321 (5th Cir. 2016) (internal citations omitted). When evaluating a 12(b)(6) motion, the Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). However, the Court "do[es] not accept as true conclusory allegations,

unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

"A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Once a party has filed an answer, a subsequent filing of a 12(b) motion is considered untimely. *Roper v. Exxon Corp.*, 27 F. Supp. 2d 679, 685 (E.D. La. 1998), *aff'd*, 198 F.3d 242 (5th Cir. 1999) ("[Defendant] answered the plaintiff's second amended complaint and subsequently filed the 12(b)(6) motion to dismiss and thus, it is untimely under Rule 12(b)."). In *Roper v. Exxon Corp.*, the court found the 12(b)(6) motion untimely, so it opted to instead consider the 12(b)(6) motion under 12(c) as a "motion for partial judgment on the pleadings," ultimately finding that the plaintiff in that matter failed to show "facts in dispute from which a reasonable trier of fact could find" for him. *Id.* at 685-86.

A court may consider a 12(b) motion as a judgment on the pleadings under 12(c) if it will not delay trial. Fed. R. Civ. P. 12(c); *Argo v. Woods*, 399 F. App'x 1, 2-3 (5th Cir. 2010) (addressing a conflict between Rule 16(b)'s good cause requirement to amend a scheduling order and a party's filing of a 12(c) motion, and finding a 12(c) motion may be permitted after dispositive motion deadlines so long as it will not delay trial). "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) ("[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." (quoting *Hughes v. The Tobacco Institute, Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)).

Civil claims that cast doubt on a prior criminal conviction must be dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994). In that case, the Supreme Court found that civil actions for alleged civil rights violations that attack the validity of state confinement that have not been

reversed, expunged, invalidated or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under §1983. *See Hood v. Comm'r Foil*, No. 13-5853, 2013 WL 6174614, at *4 (E.D. La. Nov. 21, 2013). The Fifth Circuit further holds that *Heck* is applicable in both civil actions for monetary damages and where plaintiffs seek injunctive relief. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998).

## IV.   DISCUSSION

The Court begins by observing that that Defendants' motion is technically untimely, as they filed answers in this matter in June of 2023. *See* R. Doc. 12. A court may consider an untimely motion under 12(b)(6) as a 12(c) motion however, which is reviewed under the same 12(b)(6) standard, requiring that the pleadings state facts that support a plausible claim for relief. See *Doe*, 528 F.3d at 418. The Court will thus review the instant motion as a 12(c) motion for judgment on the pleadings.

The Court has already held that Parker failed to set forth a defamation claim against Defendant Peters, reasoning that he failed to satisfy the stigma element of this claim and because he failed to identify a false communication. R. Doc. 24 at 5. As to Smith and Lunsford, Parker does not allege which specific communication or statement he considers defamatory beyond that they charged him with obscenity. R. Doc. 3 at 4-5. For the same reasons this Court found his complaint lacking to set forth a defamation claim against Peters, this Court finds he has failed to plead facts sufficient to support such a claim against Smith and Lunsford.

This Court also dispensed with his § 1983 claim against Peters, reasoning that under Louisiana law inmates have a curtailed expectation to privacy given the safety concerns related to incarceration, "including in areas that are typically afforded higher expectations of privacy." R.

5

Doc. 24 at 5-6 (citing State v. Smith, 887 So. 2d 701, 703 (La. App. 3 Cir. 2004)). This reasoning applies to Smith and Lunsford, and the Court thus finds that Parker's complaint also fails to plead fact sufficient to support a § 1983 claim against them.

Last, the Court acknowledges that the complaint is sparse and it is unclear whether Parker is pleading malicious prosecution or unlawful arrest against Smith and Lunsford, but need not reach these arguments because the Court finds that *Heck v. Humphrey* bars Parker's claims in this instance. Parker was arrested for obscenity pursuant to a warrant for his arrest on this charge, and he was found guilty and sentenced accordingly. *See* R. Doc. 31-1 at 8-11.

For the foregoing reasons, the Court GRANTS Defendants' Motion.

New Orleans, Louisiana, this 6th day of May, 2024.

*[signature: Eldon E. Fallon]*
United States District Judge